Laura **MORALES** a/k/a Laura Mata, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–93–312 CR.

Court of Appeals of Texas, Beaumont.

Submitted May 11, 1995.

Decided Nov. 22, 1995.

Rehearing Overruled Dec. 7, 1995.

Donald M. Brown, Conroe, for appellant.

Daniel Rice, District Attorney, Conroe, Gail Kikawa McConnell, Asst. District Attorney, Conroe, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Appellant Laura Morales, also known as Laura Mata, was indicted by the Montgomery County Grand Jury for the first degree felony offense of injury to a child. Appellant waived a jury and entered a plea of guilty. At a subsequent hearing, the trial court rejected the plea bargain. Appellant did not withdraw her guilty plea and the trial court

sentenced her to seventy-five (75) years confinement in the Institutional Division of Texas Department of Criminal Justice and imposed a $10,000 fine. Subsequent to the evidentiary hearing on appellant's motion for new trial, the motion was overruled by operation of law. From this judgment, appellant appeals.

## Background Facts

At the hearing on July 13, 1993, appellant pled guilty to the offense charged after being orally admonished by the trial judge of the range of punishment for the offense. The stated range of punishment was "not less than 5 years and no more than 99 years or even life in the penitentiary." After the State's presentation of the agreed plea bargain of thirty (30) years to the trial court, the trial judge ordered a presentence investigation (PSI) and set the punishment hearing for a date subsequent to its completion.

At the sentencing hearing on August 23, 1993, the trial court rejected the agreed plea bargain and offered Ms. Morales the choice of continuing with her guilty plea or withdrawing it. Ms. Morales declined to withdraw her guilty plea. At the State's request, the trial court continued the punishment hearing for two days and reconvened on August 25, 1993.

The August 25 punishment hearing was the first time that the record reflects the presence of an official interpreter to translate for Laura Morales. The court did not use, nor did appellant's counsel request, the services of an interpreter at the guilty plea hearing on July 13, 1993, or at the original sentencing hearing on August 23, 1993. At the close of the punishment hearing, the trial court sentenced Ms. Morales to seventy-five (75) years in the Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000 fine.

Subsequent to the judgment, appellant's new attorney filed a second amended motion for new trial which alleged, among other things, that appellant's plea was involuntary and that appellant received ineffective assistance of counsel in violation of her state and federal rights. Attached to the motion for new trial were affidavits from appellant's trial counsel and from Laura Morales. Both affidavits aver that Laura Morales does "not speak or understand English"; both state that trial counsel told appellant that she would receive as her sentence either probation or a term less than 30 years; and both state that trial counsel never mentioned to appellant the possibility of a sentence greater than 30 years. Appellant and her trial counsel also testified at the hearing on the motion for new trial to the same facts alleged in their affidavits, as well as to the failure of trial counsel to inform appellant about the deportation consequences of her guilty plea.

After the motion for new trial was overruled by operation of law, appellant requested this court abate the appeal and remand the case to the trial court for a hearing on the motion for new trial. The request was granted, and the hearing on appellant's second amended motion for new trial was held on April 15, 1994. No new trial was granted.

Appellant raises five points of error on appeal. Since points of error three and five are dispositive of the case, we confine our review to those points.[1] Appellant's points of error three and five are as follows:

## Point Three

Appellant's plea of guilty to the Court was involuntary when it was induced by attorney's incorrect advice that she would get less than thirty years or probation from the Court.

1. Appellant's point of error one states that the trial court erred in failing to orally admonish the appellant ... as required by Tex.Code Crim.Proc. Ann. art. 26.13(a)(4) (Vernon 1989). However, the statute does not require that admonishments be given orally; they may be written. Art. 26.13(d).

Since our holding on points of error three and five disposes of the case, we do not consider the issue in point of error two as to whether, in the case of written admonishments, the lack of a written statement signed by appellant stating that she understood the admonitions required by Art. 26.13 constitutes a total failure to admonish. See *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App. 1994) for a discussion of the consequences of the trial court's total failure to admonish under Art. 26.13(a)(4)—the deportation admonishment.

### Point Five

The Appellant received ineffective assistance of counsel at trial in violation of her rights under the 6th and 14th amendments to the United States Constitution and Article 1 [sic], Section 10 of the Texas Constitution.

Because of the interrelationship between points of error three and five, we consider them together. Both concern the issue of voluntariness of plea as it is interwoven with allegations of ineffective assistance of counsel.

In point of error three, appellant expressly raises the issue of voluntariness of her guilty plea and impliedly raises it in her argument under point five. Before a plea of guilty or nolo contendere may be accepted by the court, it must be freely and voluntarily given by a mentally competent defendant. *See* TEX.CODE CRIM. PROC.ANN. art. 26.13(b) (Vernon 1989); *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Crim.App.1991). The voluntariness of a guilty plea is determined by the totality of the circumstances. *Munoz v. State*, 840 S.W.2d 69, 74 (Tex.App.—Corpus Christi 1992, pet. ref'd). In attacking a guilty plea on the ground of ineffective assistance of counsel, the essential requisite is a showing that the plea of guilty was unknowingly and involuntarily entered. *Ex parte Adams*, 707 S.W.2d 646, 648 (Tex.Crim.App. 1986); *Ex parte Dumitru*, 850 S.W.2d 243 (Tex.App.—Houston [1st Dist.] 1993, no pet.). A guilty plea entered without a plea bargain, however, waives all non-jurisdictional defects. *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim.App.1972). The guilty plea in the instant case was ultimately entered without a plea bargain. The waiver rule does not apply, however, if a defendant's guilty plea is not voluntarily and knowingly made. Consequently, a defendant may always challenge the voluntariness of the plea on appeal. *Broddus v. State*, 693 S.W.2d 459, 460 (Tex. Crim.App.1985).

Appellant challenges the voluntariness of her guilty plea on the grounds that trial counsel's incorrect advice induced her to plead guilty. A defendant's election to plead guilty or nolo contendere, when based upon erroneous advice of counsel, is not done voluntarily and knowingly. *Battle*, 817 S.W.2d at 83. Appellant contends the incorrect advice amounted to ineffective assistance of counsel. A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *Diaz v. State*, 905 S.W.2d 302, 307 (Tex.App.—Corpus Christi 1995, no pet.). Both the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Texas Constitution provide for the right to effective assistance of counsel. Moreover, the right to effective assistance encompasses more than the trial itself; unquestionably, an accused is entitled to effective assistance of counsel during the plea bargaining process as well. *See Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Crim.App. 1987). The allegations of ineffective counsel were raised for the first time in the motion for new trial. Ineffective assistance of counsel may be raised in a motion for new trial. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim.App.1993).

The standards for determining ineffective assistance of counsel were outlined by the United States Supreme Court in the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* test, an appellant must show:

(1) Trial counsel's performance was deficient; and

(2) The deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial.

*Id.* at 687, 104 S.Ct. at 2064. These two prongs must be established by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985); *Howard v. State*, 894 S.W.2d 104, 106 (Tex.App.—Beaumont 1995, pet. ref'd.). To show prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). When reviewing a claim of ineffective assistance of counsel, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defen-

dant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

The *Strickland* test for ineffective assistance of counsel was adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim.App.1986), and is the proper standard regarding challenges to guilty pleas based on ineffective assistance of counsel. *Ex parte Adams,* 707 S.W.2d at 649.

The testimony adduced at the hearing on appellant's motion for new trial reveals the following:

1. Appellant, a Mexican national, is not a United States citizen.

2. Appellant does not speak, read, or understand the English language.

3. There was no official interpreter used by the court at the guilty plea hearing on July 13, 1993, or at the original punishment hearing on August 23, 1993. The first time an interpreter was used by the court was at the August 25, 1993, sentencing hearing.

4. The interpreter used by trial counsel to explain the admonishments to appellant prior to the guilty plea hearing was a paralegal in trial counsel's office, who testified that she only explained the admonishments in general terms to appellant and that she may not have even gone over with appellant the last page of the document containing the admonishments.

5. Trial counsel signed the admonishment document underneath a statement which declared that she had explained the admonishments to appellant. At the hearing on the motion for new trial, appellant's trial counsel testified that, in reality, she did not read or explain the contents of the admonishments to appellant; Ms. Martinez, her paralegal, explained them in general terms in a whispered conversation in the courtroom just prior to the guilty plea hearing on July 13, 1993. Ms. Martinez testified that she did not read

the deportation section to appellant and that she (Martinez) was very general when translating.

6. Trial counsel testified at the hearing on the motion for new trial that she told appellant, after the judge rejected the plea bargain, that appellant would get less than thirty years or probation. Trial counsel never told appellant that appellant could receive more than thirty years. Trial counsel advised appellant to proceed with the judge, rather than the jury for sentencing, because if appellant went to a jury for sentencing, the jury could give her life. Trial counsel testified, "I take full responsibility for the fact that I never told this lady that the judge, in addition to the jury, could give her the full range of punishment. And she relied on my advice."

7. Appellant also testified at the hearing on the motion for new trial. She stated that her trial attorney never mentioned to her the possibility of deportation as a result of her guilty plea. Trial counsel also told her that the most appellant could receive in the way of punishment was thirty years, but possibly less.

In reviewing the totality of the circumstances surrounding trial counsel's representation of appellant, we conclude that the guilty plea was involuntary and unknowing, and that trial counsel's assistance was ineffective. Counsel's performance was deficient in the various ways enumerated above; and, indeed, those errors were so serious as to deprive appellant of a fair trial and render the result unreliable. Appellant was prejudiced by (a) trial counsel's representations that she would receive a sentence of thirty years or less or probation; (b) trial counsel's failure to inform her that the trial judge could sentence her to a term in excess of thirty years; and (c) her attorney's failure to inform her of the deportation consequences associated with a guilty plea.

Furthermore, appellant testified that had she known the judge could sentence her to more than thirty years, she would not have agreed to continue with her guilty plea once the judge rejected the plea bargain. Neither would she have agreed to plead guilty had she been informed about the deportation con-

sequences. There is, therefore, a reasonable probability that, but for trial counsel's ineffective assistance, the result of the proceeding would have been different. Points of error three and five are sustained. The judgment of the trial court is reversed, and the case is remanded for a new trial.

REVERSED AND REMANDED.