McCuller C. STEPHENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–99–00288–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 23, 2000.

Tracie L. Tippen, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, FROST and BAIRD.*

### MAJORITY OPINION

CHARLES F. BAIRD, Justice (Assigned).

Appellant was charged by indictment with the state jail felony offense of tampering with a witness. Appellant pled *nolo contendere* to the charged offense. The trial court accepted appellant's plea, but withheld a finding of guilt and ordered the preparation of a pre-sentencing investigation report. At the sentencing hearing, the trial court assessed punishment at nine months confinement in a state jail facility. We affirm.

Appellant's sole point of error contends his plea was not entered voluntarily or knowingly due to the ineffective assistance of trial counsel. Specifically, appellant argues his plea was induced by counsel's promise of probation and, but for this promise, appellant would have insisted on going to trial.

■ The standard by which we review the effectiveness of counsel at all stages of a criminal trial was articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State,* 988 S.W.2d 770, 772 (Tex.Crim.App.1999). The Supreme Court in *Strickland* outlined a two-step analysis. First, the reviewing court must decide

whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. If counsel's performance fell below the objective standard, the reviewing court then must determine whether there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. A reasonable probability is a "probability sufficient to undermine the confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *See id.* at 687, 104 S.Ct. 2052. *See also Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex. Crim.App.1993); *Boyd v. State,* 811 S.W.2d 105, 109 (Tex.Crim.App.1991).

■ To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Ruffin v. State,* 3 S.W.3d 140, 145 (Tex.App.—Houston [14th Dist.] 1999, pet. refused) (citing *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). The Sixth Amendment guarantees the effective assistance of counsel at the time the defendant enters a plea to the charging instrument. *See id.* (citing *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970)). The defendant bears the burden of proving an ineffective assistance of counsel claim by a preponderance of the evidence. *See Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998); *Riascos v. State,* 792 S.W.2d 754, 758 (Tex. App.—Houston [14th Dist] 1990, pet. ref'd). Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded and affirmatively demonstrated in the appellate record. *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996), *cert. denied,* 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997); *Jimenez v. State,* 804 S.W.2d 334,

* Former Judge Charles F. Baird sitting by assignment.

338 (Tex.App.—San Antonio 1991, pet. ref'd).

At the time of his *nolo contendere* plea, appellant executed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Plea of Nolo Contendere." In this document, appellant stated: "I am satisfied that the attorney representing me today has properly represented me[.]" In another portion of that document, trial counsel stated: "I represent [appellant] in this case and I believe that the document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him." Following sentencing, appellant did not file a motion for new trial alleging ineffective assistance of counsel. Therefore, that vehicle was not utilized to develop this claim.

■■ Appellant does not direct us to any portion of the appellate record from which we can decide "whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." Additionally, we have reviewed the record and find nothing to support the claim that trial counsel's representation was deficient in any manner. Accordingly, we find appellant's allegation of ineffective assistance is neither firmly founded, nor affirmatively demonstrated in the record. *See McFarland,* 928 S.W.2d at 500; *Jimenez,* 804 S.W.2d at 338.[1]

■■ Finally, we pause to address the State's contention that because appellant practiced law as a criminal defense attorney for six or seven years prior to his plea, he was fully aware of the consequences of pleading *nolo contendere* to the charged offense. A similar argument was advanced in *Foster v. State,* 677 S.W.2d 507 (Tex.Crim.App.1984), where, the defendant was an attorney who confessed to an offense following his illegal arrest. The State argued the defendant's occupation attenuated the taint of the illegal arrest. The Court of Criminal Appeals rejected the argument. We also reject the argument in the present context. The first prong of *Strickland* focuses on *trial counsel's representation* under prevailing professional norms. And, if that representation is deficient, the second prong focuses on whether the deficiency undermined the appellate court's confidence in the outcome of the proceeding(s). *Strickland,* 466 U.S. at 684, 104 S.Ct. 2052. Nothing in *Strickland* focuses the analysis on the occupation of the defendant. We will not extend *Strickland* beyond its stated framework. Therefore, appellant's status as a criminal defense attorney plays no part in our resolution of the instant issue.

For the reasons stated above, appellant's sole point of error is overruled and the judgment of the trial court is affirmed.

KEM THOMPSON FROST, Justice, concurring.

Although I concur with the result, I disagree with the majority's conclusion that there is no room in the analysis articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to consider the fact that a defendant is a criminal defense attorney by profession and, therefore, was aware of the consequences of his plea. While the defendant's status as a criminal defense attorney would never be germane to the first prong of *Strickland,* which focuses entirely on counsel's representation under prevailing professional norms, this fact could be relevant to the analysis under the second prong of *Strickland,* where a reviewing court is compelled to consider the resulting prejudice, if any, to the defendant.

---

1. Additionally, we note that a guilty plea is not involuntary simply because the sentence exceeded what the appellant expected, even if that expectation was raised by his attorney. *See West v. State,* 702 S.W.2d 629, 633 (Tex. Crim.App.1986); *Russell v. State,* 711 S.W.2d 114, 116 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (counsel's mere opinion regarding sentencing will not render a plea involuntary).

Under the second part of the *Strickland* analysis, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052. In determining if the appellant was prejudiced by pleading guilty, the court should consider his testimony that he would not have pled guilty but for counsel's deficient performance. *See Morales v. State*, 910 S.W.2d 642, 646 (Tex.App.—Beaumont 1995, pet. ref'd) (finding the appellant was prejudiced where counsel gave incorrect and incomplete advice about a guilty plea upon which the appellant relied); *see also Melton v. State*, 987 S.W.2d 72, 77 (Tex. App.—Dallas 1998, no pet.) (finding the appellant suffered prejudice where counsel misstated the evidence upon which the appellant relied in changing his plea to guilty and the evidence did not overwhelmingly support his guilt). In evaluating the defendant's claim that he would not have pled guilty, a court must consider whether the defendant is likely to have understood the situation, his rights, and the consequences of his plea. To the extent an accused's legal training and experience bear on his understanding of these matters, his profession is a relevant consideration. For example, if, as a member of the criminal defense bar, appellant knew the advice his counsel provided to him (e.g., an assurance of probation without an agreed plea) was inaccurate, it is unlikely that counsel's ineffectiveness would have induced appellant to enter the plea. In such a case, it would be difficult to find that counsel's incompetence might have induced appellant's action (entering a *nolo contendere* plea without an agreed recommendation from the state) and thereby undermined confidence in the outcome of the proceeding. Under such circumstances, there is not a reasonable probability that but for counsel's purported error, appellant would have insisted on going to trial.

The majority cites *Foster v. State*, 677 S.W.2d 507 (Tex.Crim.App.1984) for the proposition that we should not consider the defendant's occupation in evaluating an ineffective assistance claim. Given the fact-specific nature of the analysis in *Foster*,[1] it is distinguishable from the situation presented here and not applicable to a determination under *Strickland.* As this case is correctly decided under the first prong of *Strickland,* the determination of this issue is not essential to the decision in this case. Nevertheless, I register my disagreement to the extent the majority's opinion is construed to foreclose the consideration of the defendant's status as a criminal defense attorney in the second prong of the *Strickland* analysis.

---

1. The *Foster* court noted that three *specific* factors should be considered before deciding whether the taint between the illegal arrest and the confession was attenuated. 677 S.W.2d at 509. The factor that the State argued attenuated the taint, i.e., the presence of an intervening circumstance, was not supported by the record. *See id.* In fact, the record reflected that the defendant's status as an attorney may have magnified the police misconduct, which is the third factor to consider in determining whether the taint is attenuated, and so would support the position that the taint *was not* attenuated. *See id.* at 509–10.