11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Audie J. Spicer

Appellant

Vs.                   Nos. 11-01-00341-CR &
11-01-00342-CR B
Appeals from Dallas County

State of Texas

Appellee

 

The
trial court convicted appellant, upon his open plea of guilty, of the offense
of unlawful possession of methamphetamine in Cause No. 11-01-00341-CR.  The trial court sentenced him to confinement
for a term of 10 years and imposed a $2,500 fine.  The trial court convicted appellant, upon his open plea of
guilty, of the offense of unlawful possession of cocaine with intent to deliver
in Cause No. 11-01-00342-CR.  The trial
court sentenced him to confinement for a term of 11 years and imposed a $2,500
fine. 

Appellant asserts the following
two issues on appeal:  (1) his guilty
plea was not knowingly and voluntarily made because he believed that he would
receive drug treatment and probation; and (2) his guilty plea was not knowingly
and voluntarily made because he received ineffective assistance of
counsel.  Because we conclude that
appellant=s pleas were
voluntary and that he was not prejudiced by any deficient performance of his
counsel, we affirm.








A guilty plea may be accepted by
the trial court only when the defendant is competent and the plea is free and
voluntary.  TEX. CODE CRIM. PRO. ANN.
art. 26.13 (Vernon 1989 & Supp. 2002). A finding that a defendant was duly
admonished creates a prima facie showing that a guilty plea was entered
knowingly and voluntarily.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d
868 (Tex.Cr.App.1985).  A defendant may
still raise the claim that his plea was not voluntary;  however, the burden then shifts to the
defendant to affirmatively show that he did not fully understand the
consequences of his plea such that he suffered harm.  Martinez v. State, supra at 197; Gibauitch, supra at 871.    An affirmative showing requires more than
a defendant’s subjective assertion that he did not know the punishment range
for his offense, that he would not have entered the plea if he had been
correctly admonished, or that he was misled or harmed by the trial court=s
admonishment.  Grays v. State, 888
S.W.2d 876, 878 (Tex.App. -  Dallas
1994, no pet’n).  In considering the voluntariness of a
guilty plea, the trial court should examine the record as a whole.  Martinez v. State, supra at 197; Williams v.
State, 522 S.W.2d 483, 485 (Tex.Cr.App.1975).  


In his first issue, appellant
asserts that his guilty plea was not knowingly or voluntarily made because he
thought he would receive drug treatment and probation as his punishment.  A voluntary guilty plea is a plea made by a
person fully aware of the direct consequences, including the actual value of
any commitments made to him by the trial court, prosecutor, or his own
counsel.  Ex parte Griffin, 679 S.W.2d
15, 17 (Tex.Cr.App.1984). 

The testimony revealed that
appellant had read both of the indictments and understood the offenses with
which he was charged.  Appellant was
entering pleas of guilty because he was guilty.  Appellant understood the punishment ranges for each offense[1]
and that he was giving up his right to a jury trial in each case.  Additionally, the following conversation
transpired:

THE COURT: And you understand
these are open pleas, meaning that there is no deal, promise or understanding
that you could infer as to any particular outcome in a case that will be
decided at another hearing?

 

DEFENDANT: Yes, Your Honor.

 

THE COURT: You understand.  Have you been able to discuss the facts and
circumstances of these cases with your lawyer, Mr. Stephens?

 

DEFENDANT: Yes, Your Honor.

 

THE COURT: You and he had any
problems understanding each other?

 

DEFENDANT: No, Your Honor. 

 








Subsequently, appellant again
said he wanted to plead guilty in each case. 
Appellant was aware that the State had not offered probation but hoped
he could convince the trial court that probation was appropriate because of his
drug addiction problem.  Appellant
signed both plea agreements which included the court=s admonitions to him.

The record does not indicate that
appellant relied on any promise of probation before entering his guilty pleas
and his pleas of true.  Appellant could only rebut the
presumption that his pleas were voluntarily entered by affirmatively showing
that he did not understand the consequences of the pleas and was harmed as a
result.  After considering the record as
a whole, we find that appellant has not met this burden.  The first issue is overruled.

In his second issue, appellant
urges that his guilty pleas were not knowingly and intentionally made because
he received ineffective assistance of counsel. 
Appellant complains that there was no independent evidence that what he
possessed was an illegal controlled substance because his attorney did not
request an independent drug test of the seized items.

When confronted with a claim of
ineffective assistance of counsel, we apply the two-prong test set forth in
Strickland v. Washington, 466 U.S. 668 (1984). 
The first prong of the Strickland test requires appellant to show
that his counsel=s
performance was Adeficient.@ Strickland v. Washington,
supra at 687.  A showing that counsel
was deficient requires showing that the representation fell below an objective
standard of reasonableness.  Tong v.
State, 25 S.W.3d. 707, 712 (Tex.Cr.App.2000). 

The second prong of the Strickland
test requires appellant to show that there is a reasonable probability that,
but for trial counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Tong v. State, supra at
712.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, supra at 694.  There is a strong presumption that counsel=s actions fell within the
wide range of reasonably professional assistance.  Appellant has the burden to overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503 (Tex.Cr.App.1991).








A guilty plea is not involuntary
simply because the sentence exceeded what appellant expected, even if that
expectation was raised by his attorney.  Stephens v.
State, 15 S.W.3d 278, 280 (Tex. App. - Houston[14th Dist.] 2000, pet=n ref=d), cert. den=d, 531 U.S. 1169
(2001).  Appellant testified that he
understood the punishment range and that the trial court could sentence him to
any term of confinement within the range of punishment.  Additionally, appellant said that he was
pleading guilty because he was guilty as charged.  There is no indication in the record that appellant questioned
that the items seized were the specific drugs named in the indictment.  The record before us does not demonstrate
that appellant=s trial counsel=s performance was deficient and does not support that the
outcome would have been different if trial counsel had conducted an independent
test of the drugs.  Appellant has not
met his burden.  The second issue is
overruled.  

The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

July 18, 2002 

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]The trial court
admonished appellant that punishment for a first-degree felony was 5 to 99
years of confinement and a fine of up to $10,000 and that punishment for a
third-degree felony was 2 to 10 years of confinement and a fine of up to
$10,000.