Affirmed and Memorandum Opinion filed March 22, 2005









Affirmed and Memorandum Opinion filed March 22, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00936-CR

NO.
14-03-00937-CR

____________

 

TYMESHIA LESHON
RANDLE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause Nos. 933,018;
933,019

 



 

M E M O R A N D U M   O P I N I O N

Appellant Tymeshia Leshon Randle was
convicted on two counts of fraudulent use of identifying information.  Appellant argues in two issues that she
received ineffective assistance of counsel. 
We affirm.








Appellant obtained and used the names and
social security numbers of at least two people in order to apply for various
credit cards.  With the fraudulently
obtained credit cards, appellant purchased a computer and several other
items.  After a complaint was filed by
one of the victims, appellant was arrested. 
Appellant entered a non-negotiated guilty plea, but the trial court
withheld a finding of guilt pending a presentence investigation.  At the presentence investigation hearing, the
trial court found appellant guilty and sentenced her to fifteen months in state
jail.  This appeal followed.[1]








In two issues, appellant complains that
she received ineffective assistance of counsel. 
The standard by which ineffective assistance claims are governed is
found in the U.S. Supreme Court’s pronouncement in Strickland v. Washington,
466 U.S. 668 (1984).  The Court of
Criminal Appeals adopted the two-part Strickland test in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).  To prove ineffective assistance, appellant
must show  that (1) trial counsel’s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and (2) the result of the proceeding would have
been different but for trial counsel’s deficient performance.  Strickland, 466 U.S. at 687–96;
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance.  Thompson, 9 S.W.3d at 813.  To defeat this presumption, “‘any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.’”  Id. at 814 (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).  Without specific explanations for counsel’s
decisions, a record on direct appeal will rarely contain sufficient information
to evaluate an ineffective assistance claim. 
See Bone v. State, 77 S.W.3d 828, 830, 833 (Tex. Crim. App.
2002); Thompson, 9 S.W.3d at 813–14 (noting that when the record
contains no explanation for counsel’s decisions, an appellate court should be
hesitant in deciding whether the “motivation behind counsel’s actions” was “of
strategic design or the result of negligent conduct”).

In her first issue, appellant contends
that ineffective assistance of counsel rendered her guilty plea
involuntary.  Specifically, appellant
complains that counsel’s advice that she would probably receive probation
amounted to ineffective assistance. 
Appellant’s own statement to the trial judge at the presentence
investigation hearing is the only evidence in the record supporting the
contention that appellant’s counsel advised appellant that she would probably
receive probation.  The record is
otherwise silent as to whether appellant’s counsel did provide this advice, and
if he did, why he provided it.  Without
more evidence, appellant has not defeated the presumption that counsel provided
effective assistance.  See Thompson,
9 S.W.3d at 813–14.  Further, a guilty
plea is not involuntary simply because the sentence exceeded what appellant
expected, even if her attorney raised that expectation.  Stephens v. State, 15 S.W.3d 278, 280
n.1 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  We overrule appellant’s first issue.

In her second issue, appellant contends
that counsel was ineffective for failing to call witnesses to testify during
the presentence investigation hearing. 
However, counsel is not ineffective for failing to call witnesses absent
a showing that there were witnesses available to testify and that their
testimony would have aided appellant.  Hoang
v. State, 825 S.W.2d 729, 732 (Tex. App.—Houston [14th Dist.] 1992, pet.
ref’d).  There has been no such
showing here.  Accordingly, we overrule
appellant’s second issue.

The judgment of
the trial court is affirmed.

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed March 22, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  The State
argues that we should dismiss both of appellant’s cases because the trial court
did not sign the certifications of defendant’s right of appeal.  See Tex.
R. App. P. 25.2(d).  The trial
court’s initial certifications showed the cases were plea-bargained and that
appellant had no right of appeal. 
Because the record indicated that appellant entered a non-negotiated
plea, the clerk of this court, pursuant to Rule 37.1, sent a letter to the
trial court requesting corrected certifications.  See Tex.
R. App. P. 37.1.  Corrected
certifications now appear in supplemental records in each case, but the
certifications are not signed by the trial judge.  A recent Court of Criminal Appeals case
advises that an appellate court should not dismiss a case due to a defective
certification before utilizing the remedial measures found in Rules 34.5(c) and
37.1.  See Tex. R. App. P. 34.5(c), 37.1; Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005). 
This court utilized Rule 37.1 to obtain corrected certifications and
received unsigned, corrected certifications. 
Because the new certifications appear to be supported by the record, we
have determined that we have jurisdiction to address the merits of appellant’s
appeal.