NO.
12-06-00268-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CASEY LYNN JEFFUS,      §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Casey Lynn
Jeffus appeals his conviction for intoxication manslaughter.  Appellant pleaded guilty and a jury assessed
punishment at thirteen years of imprisonment and a fine of $2,500.  In four issues, Appellant contends that his
guilty plea was involuntary, the prosecutor committed misconduct, trial counsel
should have objected to the prosecutor’s opening statement, and the sentence
imposed is cruel and unusual punishment in violation of the Texas and United
States constitutions.  We affirm.

 

Background

            Appellant
was charged with intoxication manslaughter after being involved in a car wreck
that killed his young son.  During jury
selection, the trial court explained the charge against Appellant and the range
of punishment that would be considered by the jury.  After the jury was selected, the State read
the indictment, and Appellant pleaded guilty to the charge.  Before the trial court accepted Appellant’s
plea, the following exchange took place:

 

THE
COURT:                      Are you
pleading guilty by your own free choice?








[APPELLANT]:                    Yes, ma’am.

 

THE
COURT:                      Has anyone
threatened you or forced you in any way to plead guilty?

 

[APPELLANT]:                    No, ma’am.

 

THE
COURT:                      And are you
pleading guilty because this is what you want to do and for no other reason?

 

[APPELLANT]:                    Yes, ma’am.

 

 

The trial court then accepted Appellant’s plea of
guilty.  The trial court further accepted
Appellant’s plea of true to a deadly weapon enhancement alleged in the
indictment.

            The
punishment phase of the trial then began. 
During the State’s opening statement, the prosecutor said that Appellant
had been arrested on felony driving while intoxicated (DWI) charges on April
21, 2005 and again on May 28, 2005.  This
was not accurate.  Appellant had been arrested
on those dates for DWI, and had been arrested for several DWI offenses in the
past.  But he had only one prior DWI
conviction, and therefore the 2005 cases were not felonies.  See Tex.
Penal Code Ann. § 49.09(b)(2) (Vernon 2006).  Appellant’s trial counsel did not object to
the prosecutor’s statement.

            Later in the
trial, however, trial counsel pointed out the State’s mistake when the State
offered documents related to Appellant’s prior convictions.

 

[APPELLANT’S

                TRIAL COUNSEL]:            And also to clarify the record,
[Appellant] would not be subject to two felony DWI’s as previously put in the
state’s opening.

 

[STATE]:                               That’s correct,
your Honor.  It will just be one.

 

THE
COURT:                      Any objection
to State’s Exhibit 5 being admitted, [Appellant’s trial counsel]?

 

[APPELLANT’S

                TRIAL COUNSEL]:            No objection to that.  Again, for clarification, there would not be
any DWI felony.

 

[STATE]:                               There was not a
second conviction, your Honor, just to clarify the record.  I apologize for confusing the jury.

 

            After the
conclusion of the evidence, the jury assessed Appellant’s punishment at thirteen
years of imprisonment and a $2,500.00 fine. 
This appeal followed. 

 

Voluntariness
of Guilty Plea

            In his first
issue, Appellant argues that his guilty plea was not freely and voluntarily
made because the trial court failed to admonish him as to the range of
punishment, failed to question Appellant or his counsel about his competency,
and failed to explain the effect of his plea of “true” to the deadly weapon
enhancement allegation.

Applicable Law

            To be
constitutionally valid, a guilty plea must be knowing and voluntary.  Brady v. United States, 397
U.S. 742, 748, 90 S. Ct. 1463, 1468–69, 25 L. Ed. 2d 747 (1970); Stephens
v. State, 15 S.W.3d 278, 279 (Tex. App.–Houston [14th Dist.] 2000, pet.
ref’d).  Before accepting a plea of
guilty, the court must admonish a defendant of the range of punishment for the
offense.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon
2006).  The court must not accept a plea
of guilty unless it appears that the defendant is competent.  Tex.
Code Crim. Proc. Ann. art. 26.13(b). 
The statute does not require admonishment about the effect of a plea of “true”
to an enhancement paragraph.  

            The question
of whether the defendant’s plea was voluntary is determined by the totality of
the circumstances.  Fimberg v.
State, 922 S.W.2d 205, 207 (Tex. App.–Houston [1st Dist.] 1996, pet.
ref’d).  A plea of guilty is not rendered
involuntary merely because the defendant received a greater punishment than
anticipated or because he did not consider every relevant factor when making
his decision to plead guilty.  Lemmons
v. State, 133 S.W.3d 751, 757 (Tex. App.–Fort Worth 2004, pet. ref’d).

            Failure to
admonish a defendant about the range of punishment before accepting a guilty
plea is subject to harmless error analysis under Texas Rule of Appellate
Procedure 44.2(b).  Aguirre-Mata v.
State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003).  Under Rule 44.2(b), “[a]ny
[nonconstitutional] error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded.” 
Tex. R. App. P. 44.2(b).  In the context of a guilty plea, an error
affects substantial rights when, considering the record as a whole, we do not
have a fair assurance that the defendant’s decision to plead guilty would not
have changed had the trial court properly admonished him.  Anderson v. State, 182 S.W.3d
914, 919 (Tex. Crim. App. 2006).

Analysis

            The trial
court briefly questioned Appellant prior to his plea of guilty.  During this exchange, the trial court could
have determined that Appellant was competent to make the plea and that
Appellant was making his plea freely and voluntarily.  Citing Texas Code of Criminal Procedure
26.13(b), Appellant argues that the trial court was “mandated” to inquire about
Appellant’s competency.  Article 26.13
does not require or mandate such an inquiry,[1] nor does it require
admonishment about the consequences of a deadly weapon finding.  

            Appellant is
correct, however, when he points out that the trial court did not specifically
admonish him regarding the range of punishment as required.  But the trial court discussed the range of
punishment in great detail during jury selection.  Appellant was present for this discussion,
which occurred before he was asked for his plea.  As was the case in Aguirre–Mata,
“the record contains references to the correct punishment range and there is
nothing in the record that shows Appellant was unaware of the consequences of
his plea or that he was misled or harmed.” 
Aguirre–Mata, 125 S.W.3d at 476–77.  In this case, there is nothing in the record
that showed Appellant did not know the punishment range and that, if he had
known it, he would not have pleaded guilty.[2]  We, thus, have a fair assurance that
Appellant’s decision to plead guilty would not have changed had the trial court
properly admonished him, and we conclude that his plea was made freely and
voluntarily.  See Anderson,
182 S.W.3d at 919.

            We overrule
Appellant’s first issue.

 

Prosecutorial
Misconduct and Ineffective Assistance of Counsel

            In his
second issue, Appellant argues that the prosecutor committed  misconduct by stating that his 2005 DWI
offenses were felonies, implying that he had two prior convictions for driving
while intoxicated.  In his third issue,
Appellant argues that he received ineffective assistance of counsel because
trial counsel did not object to the prosecutor’s argument.  We address these issues together.  

Preservation of Error

            To preserve
a complaint for appellate review, an appellant must make a timely request,
objection, or motion in the trial court. 
Tex. R. App. P. 33.1(a).  The objection must be presented with
sufficient specificity to make the trial court aware of the complaint, unless
the grounds are evident from the context. 
Id.  To preserve a
complaint about a prosecutor’s argument, a defendant must pursue his complaint
to an adverse ruling.  Archie v.
State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  The essential requirement is a timely,
specific request that the trial court refuses. 
Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App.
2004).  

Ineffective Assistance of Counsel

            Claims of
ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first
step requires the appellant to demonstrate that trial counsel's representation
fell below an objective standard of reasonableness under prevailing
professional norms.  Strickland,
466 U.S. at 688, 104 S. Ct. at 2065.  To
satisfy this step, the appellant must identify the acts or omissions of counsel
alleged to be ineffective assistance and affirmatively prove that they fell below
the professional norm of reasonableness.  See McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). 
Counsel is strongly presumed to have rendered adequate assistance and to
have made all significant decisions in the exercise of reasonable professional
judgment.  Hernandez, 726
S.W.2d at 55.  The burden is on the
appellant to overcome that presumption.  Burruss
v. State, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref’d).  The appellant must show specific acts or
omissions that constitute ineffective assistance and affirmatively prove that
those acts fall below the professional norm for reasonableness.  Id.

            To satisfy
the second step of the Strickland analysis, the appellant must
show prejudice from the deficient performance of his attorney.  Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999).  To
establish prejudice, an appellant must prove that but for counsel’s deficient
performance, there is a reasonable probability that the result of the
proceeding would have been different.  Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  A “reasonable
probability” has been defined by the Supreme Court as a “probability sufficient
to undermine confidence in the outcome.” 
Id.

Analysis

            Appellant’s
trial counsel did not object to the prosecutor’s opening statement.  Therefore, Appellant’s complaint about the
prosecutor’s misstatement is not preserved for appellate review.  See
Tex. R. App. P. 33.1(a).

            Appellant
argues in the alternative that counsel’s failure to object is ineffective assistance
of counsel.  We disagree.  Our analysis of ineffective assistance of
counsel affords substantial deference to trial counsel’s strategic decisions
and presumes that counsel’s actions fell within the wide range of reasonable
and professional assistance.  See Bell
v. State, 90 S.W.3d 301, 307 (Tex. Crim. App. 2002).  Appellant made no record to support his claim
of ineffective assistance of counsel, which would ordinarily end our
analysis.  See Thompson v. State,
9 S.W.3d 808, 815 (Tex. Crim. App. 1999) (claim failed because appellant did
not show reason for counsel’s failure to object).  But here, trial counsel’s strategic decision
to correct the prosecutor at a time of his own choosing is clear from the
record.  Appellant’s counsel corrected
the prosecutor when records related to Appellant’s prior convictions were
offered, and the prosecutor admitted that she misspoke.  

            Appellant
argues that this exchange occurred outside of the presence of the jury.  The State strongly contests this, and we
conclude that the statements were made in the presence of the jury.  The statements occurred immediately after a
witness completed his testimony, and there is no reference to a recess.  Additionally, the statements were made during
a discussion regarding Exhibit 5, and immediately afterwards the record
indicates that Exhibit 5 was published to the jury.  It is possible that the statements came
during a conference at the bench.  But in
an earlier part of the record, a bench conference is clearly indicated by the reporter.  No such indication occurs in the record at
the time of this exchange.  It appears,
therefore, that trial counsel’s statements were made in the presence of the
jury. 

            Appellant
bears the burden of proof.  Burruss,
20 S.W.3d at 186.  Trial counsel’s
strategic decision about when to correct the prosecutor is both clear from the
record and reasonable under the circumstances. 
Appellant has not carried his burden to show that counsel’s
representation fell below professional norms. 

            We overrule
Appellant’s second and third issues.

 

Cruel and
Unusual Punishment

            In his
fourth issue, Appellant contends that the assessed sentence violates the Texas
and United States constitutions.

            Appellant
did not raise this complaint in the trial court and has, therefore, waived
appellate consideration of this issue.  See
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver
with regard to rights under the Texas Constitution); Curry v. State, 910
S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the
United States Constitution); Tex. R.
App. P. 33.1.  

            Appellant
would not prevail on this issue even if it had been preserved for our
review.  Appellant concedes that his
punishment is within the statutory range, but contends it is grossly
disproportionate to the facts in violation of the constitutional prohibition
against cruel and unusual punishment.  See
U.S. Const. amend. VIII; Solem
v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637
(1983).  The proportionality of a sentence
is evaluated by considering (1) the gravity of the offense and the harshness of
the penalty, (2) the sentences imposed on other criminals in the same
jurisdiction, and (3) the sentences imposed for commission of the same crime in
other jurisdictions.  Solem,
463 U.S. at 292, 103 S. Ct. at 3011. 
Unless an appellant establishes the first element of the Solem
test, that his sentence is grossly disproportionate to his crime, we need not
address the second and third elements.  See
McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also
Jackson v. State, 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no
pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).  After
considering the facts of the instant case in light of Rummel, we
conclude that Appellant’s sentence was not unconstitutionally
disproportionate.  See id.,
445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel
and unusual punishment for obtaining $120.75 by false pretenses where Appellant
had a prior felony conviction for fraudulent use of credit card to obtain $80
worth of goods or services and another for passing a forged check in amount of
$28.36).  The sentence in this case is
far shorter than the sentence in Rummel, and the crime far more
serious.  Appellant caused the death of a
young child.  Furthermore, he had been
arrested numerous times for a variety of offenses, including being arrested
twice for DWI in the year prior to the accident.  Furthermore, the State showed that Appellant
had tried to obtain prescription pain killers by pretending to be a doctor and
calling in prescriptions in the months after the wreck and that he had not been
in compliance with the conditions of his pretrial release while awaiting trial
in this case.  

            Appellant
was convicted of intoxication manslaughter. 
The range of punishment for intoxication manslaughter is two to twenty
years of imprisonment.  See Tex. Penal Code Ann. § 49.08(b),
12.33.  Appellant’s thirteen year
sentence is close to the midpoint of that range.  After a review of the evidence, we cannot
conclude that Appellant has made a threshold showing of disproportionality.  As such, we need not address the second and
third Solem elements.  We
conclude that Appellant’s sentence was not cruel and unusual punishment.

            We overrule
Appellant’s fourth issue.

 

Disposition

            Having
overruled Appellant’s four issues, we affirm the judgment of the
trial court.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered October 24,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Article 26.13(b) provides that “[n]o plea of guilty or plea of nolo contendere
shall be accepted by the court unless it appears that the defendant is mentally
competent and the plea is free and voluntary.”





[2] Appellant points to his motion for new trial,
which he swore to be true, in which he asserts that he thought there was an
agreement in place for him to receive community supervision.  Even if this assertion can be considered to
be in the record, it does not establish that Appellant did not understand the
range of punishment.  An agreement on
punishment does not change the range of punishment.