**Affirmed and Memorandum Opinion filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00471-CR

---

### YVETTE MINNIE IBARRA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1385877**

---

## M E M O R A N D U M    O P I N I O N

Appellant pled guilty to the offense of aggravated assault of a family member with a deadly weapon. Pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed appellant on community supervision for five years. Subsequently, the State filed a motion to adjudicate guilt. Following a hearing, the trial court adjudicated guilt and sentenced appellant to confinement for three years

in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

The State alleged appellant violated the terms of her community supervision by committing two new offenses; specifically, that appellant committed criminal mischief by breaking a window and violated a protective order. Appellant pled "not true" to both allegations. The State further alleged that appellant failed to perform her court-ordered community service. Appellant pled "true" to the community service allegation. The trial court found appellant committed the offense of criminal mischief and failed to perform community service as ordered. On appeal, appellant raises challenges to the trial court's findings that she violated the conditions of her community supervision and the trial court's sentence.

## VIOLATION OF CONDITIONS OF COMMUNITY SUPERVISION

Appellant argues counsel's advice to plead true to the failure to perform community service constituted ineffective assistance of counsel. Appellant further claims the evidence is insufficient to support the finding of criminal mischief.

The right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing claims of ineffective assistance of counsel, we apply a two-pronged test. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland*, 466 U.S. at 687–88). A defendant must prove by a preponderance of the evidence (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id.* (citing *Strickland*, 466 U.S. at 687–88). If a defendant makes an insufficient showing on one prong, the court need not address

the other in order to dispose of an ineffective assistance claim. *Strickland*, 466 U.S. at 697.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We can sustain an allegation of ineffective assistance of counsel only if firmly founded and affirmatively demonstrated in the appellate record. *Stephens v. State*, 15 S.W.3d 278, 279 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd). The record on direct appeal is, however, often inadequate to overcome the presumption of competent representation and show counsel's conduct fell below an objectively reasonable standard of performance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

The record contains the following exchange between counsel and appellant:

Q. Okay. And we've talked about the various allegations as to how you violated probation, haven't we?

A. Yes, sir.

Q. And two of those were the two law violations that we've heard witnesses discussing today, right?

A. Yes, sir.

Q. The third one was your failure to do your community service as ordered?

A. Yes, sir.

Q. And you pled true to that because you did not, did you?

A. No, sir.

Q. Okay. Did you do any community supervision [sic]?

A. No, sir.

Q. Not at all?

A. No, sir.

The record reflects counsel then asked appellant questions that allowed her to offer reasons for her failure to perform community service.

The record is silent regarding counsel's trial strategy. We cannot say that trial counsel's decision to have appellant plead "true" to the allegation that she failed to perform community service and explain her failure, in light of the fact that she had failed to perform any community service, was conduct "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. *Green v. State*, 191 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). On this record, we conclude that appellant failed to meet her burden of showing that trial counsel's assistance was ineffective.

Accordingly, the trial court did not abuse its discretion by finding that appellant's failure to perform community service violated the terms and conditions of her community supervision. Proof of a single violation will support a judgment revoking community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2011). Therefore we need not determine whether the evidence is sufficient to support the trial court's finding that appellant committed a new offense. We overrule appellant's complaints regarding the trial court's findings that she violated the conditions of her community supervision.

## THE TRIAL COURT'S SENTENCE

Appellant makes two arguments regarding the punishment assessed by the trial court. Appellant contends counsel was deficient for failing to object to her

sentence on the grounds the punishment assessed was cruel and unusual and further claims the sentence was cruel and unusual.

Appellant has not shown that her sentence was cruel and unusual or grossly disproportionate to the offense for which she was convicted. While a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment. *Solem v. Helm,* 463 U.S. 277, 290 (1983). A sentence is grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harris v. State,* 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Hicks v. State,* 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In a proportionality analysis, we must first review whether the sentence is grossly disproportionate to the offense. *Hicks,* 15 S.W.3d at 632. If we determine that the sentence is grossly disproportionate to the crime committed, then we must compare (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id.*

Appellant was convicted of aggravated assault of a family member with a deadly weapon, a second-degree felony. Tex. Penal Code Ann § 22.02 (West Supp. 2013); Tex. Penal Code Ann. § 12.33 (West Supp. 2013). The range of punishment was confinement for two to twenty years. Appellant's three-year sentence was only one year more than the minimum allowed for the offense of which she was convicted. We find no basis for concluding that: the sentence is grossly disproportionate to the offense; the sentence is disproportionate to sentences for similar crimes within the jurisdiction; and the sentence is disproportionate to sentences for the same crime in other jurisdictions. We therefore hold that appellant's sentence does not constitute cruel and unusual punishment.

Accordingly, had trial counsel objected to the punishment on that basis, the trial court would not have erred in overruling the objection. Thus, appellant has not shown that she received ineffective assistance of counsel in this regard. *See Jagaroo v. State*, 180 S.W.3d 793, 800-01 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). We find appellant's arguments to be without merit.

Appellant's issues are overruled and the judgment of the trial court is affirmed.


/s/      Martha Hill Jamison
         Justice


Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

6