Opinion filed August 9,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00292-CR 

                                                    __________

 

            ANTHONY
BALDWIN A/K/A TONY BALDWIN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court  

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 23186A 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Following
a bench trial, the trial court convicted Anthony Baldwin a/k/a Tony Baldwin of
possession of four grams or more but less than 200 grams of cocaine with intent
to deliver.  Appellant pleaded true to two enhancement allegations.  The trial
court found both enhancement allegations to be true and assessed appellant’s
punishment at thirty years confinement.  We affirm.

Issue
on Appeal

            Appellant
does not challenge the sufficiency of the evidence to support his conviction.  In
his sole appellate issue, appellant contends that the trial court erred by
denying his motion for new trial that was based on allegations that he received
ineffective assistance of counsel at trial.

Background
Facts

            On
July 5, 2007, at about 10:00 p.m., Abilene Patrol Sergeant David Vaughn was
driving a marked patrol unit on East North 10 Street.  At that time, Sergeant
Vaughn saw a vehicle parked on the wrong side of the street in the 900 block of
Carver Street in front of a location that was known for high drug traffic.  Sergeant
Vaughn turned his car south onto Carver Street.  The driver of the parked
vehicle then drove south on Carver at a high rate of speed.  Sergeant Vaughn
turned on the overhead lights on his patrol car in an attempt to stop the
driver.  The driver of the vehicle pulled into a driveway of a house in the 700
block of Carver.  After the driver stopped the vehicle, he fled the scene on
foot.  Sergeant Vaughn testified that the driver was a black male and was
wearing a blue shirt and a blue cap.  Sergeant Vaughn got out of his patrol car
and chased the man.  The man ran behind a house toward an alley.  As Sergeant
Vaughn pursued the man, he saw the man put his hand into a pocket of his shorts
and then saw several small items fall from the man’s pocket to the ground.  At
that time, Sergeant Vaughn could not tell what the items were.  Sergeant Vaughn
was about ten to fifteen yards behind the man. The man ran behind a clump of
trees, and Sergeant Vaughn briefly lost sight of him.  Sergeant Vaughn heard
what sounded like a chain-link fence rattling.  When Sergeant Vaughn got to the
alley, he saw the man he had been chasing lying on the ground by the fence. 
The man on the ground was wearing a blue shirt and a blue cap.  Sergeant Vaughn
testified that the man was appellant.  When Sergeant Vaughn found appellant on
the ground, appellant was out of breath.  Sergeant Vaughn arrested appellant
for evading arrest.

            With
the help of a police dog, police officers searched the area where the items had
fallen from appellant’s shorts pocket.  During the search, the officers found
nine small baggies that contained small rock-like substances.  Sergeant Vaughn
retrieved the baggies.  Sergeant Vaughn testified that he had not seen anyone but
appellant in the location where the baggies were found. He said that he found
appellant on the ground within two to four seconds after he saw the items
falling from appellant’s pocket.  Sergeant Vaughn testified that there was no
doubt in his mind that the baggies the officers found came from appellant’s
pocket.  Sergeant Vaughn transported appellant to jail.  On the way to the
jail, appellant told Sergeant Vaughn that he had obtained the baggies
containing the rock-like substances the officers found from an individual on
Carver Street and that the substances were to be delivered to a residence in
the 900 block of Carver Street.  Testing of the substances in the baggies
showed that the substances weighed 15.53 grams and contained cocaine.

The
video camera in Sergeant Vaughn’s patrol car started recording when he
activated his overhead lights.  Appellant was not in view of the camera when
the items fell out of his pocket.

            Appellant
testified that he was “high” on the night in question.  He said that he smoked
four rocks of crack cocaine outside a house on Carver Street.  He said that a
lot of people were in front of the house.  Appellant testified that he was at
the side of the house when a police officer arrived at the scene.  Appellant
said that “everybody started running” when the police officer turned on his patrol
lights.  Appellant said that he ran but then hit the fence and stopped.  He
said that the officer then arrested him for evading arrest.  Appellant
testified that he had not possessed the drugs the officers found during the
search and that he had not thrown them on the ground.

Appellant’s
Motion for New Trial

            Appellant
raised ineffective assistance of counsel claims in a motion for new trial.  In
his motion, appellant claimed that his trial counsel rendered ineffective
assistance of counsel in five respects: (1) leading him to believe that he
would be convicted only of a state jail felony; (2) assuring him that he would
receive probation if convicted; (3) failing to obtain a hearing on a motion to
suppress evidence; (4) failing to obtain hearings on motions for discovery; and
(5) failing to adequately prepare for trial in that trial counsel only talked
with him two times for about fifteen minutes each before trial.

            The
trial court held a hearing on appellant’s motion for new trial.  Appellant
testified at the hearing.  Appellant testified that his trial counsel told him that
he had watched the police video and that the audio contained appellant’s
admission that he had smoked four rocks of  crack cocaine.  Appellant said
that, based on this admission, his trial counsel told him that he would be
convicted of a state jail felony offense, which would be enhanced by two prior
convictions, and that, therefore, appellant was facing a sentence of two to
twenty years.  According to appellant, his trial counsel asked him if he would
agree to serve a twenty-year sentence, and appellant responded that he would
not agree.  However, appellant said that his trial counsel told him that he
would get probation.  Appellant testified that, had he known that he would not
get probation, he would have proceeded with a jury trial.

Appellant
said that his trial counsel did not send him copies of any motions that had
been filed.  Appellant testified that he wanted a discovery motion to be filed
because he wanted to see “[a]ll the evidence.”  He believed that the evidence
would have been suppressed if his trial counsel had filed a motion to suppress
and had a hearing on it.  Appellant said that his trial counsel only met with
him twice to prepare for trial and that his trial counsel was not prepared for
trial.  Appellant testified that, during trial, he gave notes to his trial
counsel telling him things to say but that his trial counsel ignored the notes.

During
cross-examination, appellant admitted that his trial counsel told him he was
charged with a first-degree felony offense and that the State made a
plea-bargain offer based on a first-degree felony offense.  Appellant said that
he understood he was facing a first-degree felony offense if he went to trial. 
Appellant testified that he told the trial court he wanted to waive a jury
trial and that the trial court admonished him about such a waiver.

            Appellant’s
trial counsel testified that he did not tell appellant that the charge was a
state jail felony offense.  Trial counsel said that appellant signed an
instruction to proceed to trial.  The instruction indicated, among other
things, (1) that the State made a twenty-five year plea bargain offer to
appellant; (2) that appellant rejected the offer and instructed his trial
counsel to proceed to trial; (3) that trial counsel advised appellant that a
jury would likely believe the testimony of the officers and that, if a jury
believed the officers, appellant would likely be convicted; and (4) that
appellant understood the range of punishment in this case was twenty-five to
ninety-nine years.

            Appellant’s
trial counsel testified that he met with appellant ten to fourteen times to
prepare for trial.  Trial counsel said that he and appellant reviewed the
police video together.  Trial counsel said that he admonished appellant about
the punishment range.  According to trial counsel, he told appellant that he
was not eligible for probation and had no chance of receiving probation.  The
record shows that trial counsel filed numerous discovery motions and that the
trial court entered a discovery order requiring the State to disclose numerous
items to appellant, including any videotapes relating to the case, lab reports,
a copy of appellant’s prior criminal record, and many other items.  The State
provided trial counsel with a copy of the police video. Trial counsel testified
that he and the prosecutor had discussions about the case and that the
prosecutor told him what “the officers [were] going to say.”  Trial counsel
testified that the prosecutor “more than complied with the discovery order.”  Trial
counsel believed that no further discovery was necessary.

Trial
counsel testified that he thought a motion to suppress would have been a
“foolish exercise.”  He said that, in his opinion, the police did not engage in
any conduct that violated the law.

Ineffective
Assistance of Counsel

            To
determine whether appellant’s trial counsel rendered ineffective assistance, we
must first determine whether appellant has shown that counsel’s representation
fell below an objective standard of reasonableness and, if so, then determine
whether there is a reasonable probability that the result would have been
different but for counsel’s errors.  Wiggins v. Smith, 539 U.S. 510
(2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews v. State,
159 S.W.3d 98 (Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex.
Crim. App. 1999).  We must indulge a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance, and appellant
must overcome the presumption that, under the circumstances, the challenged
action might be considered sound trial strategy.  Strickland, 466 U.S.
at 689; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made
all significant decisions in the exercise of reasonable professional judgment.” 
Strickland, 466 U.S. at 690.  

            An
allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  Under normal circumstances, the record on direct appeal will
not be sufficient to show that counsel’s representation was so deficient and so
lacking as to overcome the presumption that counsel’s conduct was reasonable
and professional.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  Rarely will the record on direct appeal contain sufficient information
to permit a reviewing court to fairly evaluate the merits of such a serious
allegation.  Id.  In light of these limitations, it is well settled that
claims of ineffective assistance of counsel should usually not be raised on
direct appeal because the record is often undeveloped.  Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Andrews, 159 S.W.3d at 103; Thompson,
9 S.W.3d at 813–14.

            Here,
appellant raised his claim of ineffective assistance of counsel in a motion for
new trial, and we review the trial court’s denial of the motion for an abuse of
discretion.  Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001).  A trial court abuses its discretion by denying a motion for new trial
only when no reasonable view of the record could support the trial court’s
ruling.  Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). 
We review the evidence in the light most favorable to the trial court’s ruling
and presume that all reasonable findings that could have been made against the
losing party were so made.  Id.  At a hearing on a motion for new trial,
the trial court is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Melton v. State, 987 S.W.2d 72, 75
(Tex. App.—Dallas 1998, no pet.).

Analysis

            On
appeal, appellant contends that his trial counsel rendered ineffective
assistance of counsel in six respects: (1) leading him to believe that he would
only be convicted of a state jail felony; (2) failing to file a motion to
suppress; (3) failing to file a motion for discovery; (4) leading him to
believe that he would get probation; (5) only conferring with him twice before
trial; and (6) failing to ask questions in trial that he requested trial
counsel to ask.  During the hearing on appellant’s motion for new trial,
appellant and his trial counsel gave conflicting testimony about whether trial
counsel told appellant that he would only be convicted of a state jail felony
and whether trial counsel told appellant he would get probation.  Appellant and
his trial counsel also gave conflicting testimony about the number of times
they met to prepare for trial.  As the sole judge of the credibility of the
witnesses at the hearing, the trial court was free to believe trial counsel’s
testimony and to disbelieve appellant’s testimony.  Melton, 987 S.W.2d
at 75. 

            Appellant’s
trial counsel filed discovery motions and the trial court entered a discovery
order.  Trial counsel testified that the prosecutor “more than complied with
the discovery order.” Trial counsel did not believe that further discovery was
necessary.  Appellant did not make any allegations or present any evidence as
to what additional evidence might have been revealed through additional
discovery.  Counsel is not required to engage in the filing of futile motions. 
Mooney v. State, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); Hollis
v. State, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.).  Appellant
has not shown that his trial counsel was ineffective for not filing an additional
discovery motion.

            To
prevail on an ineffective-assistance claim based on counsel’s failure to file a
motion to suppress, an appellant must show that such a motion would have been
granted.  Jackson v. State, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998);
Carmen v. State, 358 S.W.3d 285, 295 (Tex. App.—Houston [1st Dist.]
2011, pet. ref’d); Hollis, 219 S.W.3d at 456.  To meet this burden, an appellant
must produce evidence that would defeat the presumption of proper police
conduct.  Jackson, 973 S.W.2d at 957; Hollis, 219 S.W.3d at 456. 
Therefore, an appellant must develop facts and details of the search sufficient
to conclude that the search was invalid.  Jackson, 973 S.W.2d at 957; Hollis,
219 S.W.3d at 456.

            In
this case, appellant has not alleged a ground for suppressing the evidence.  He
did not present any evidence to support the contention that the police engaged
in improper police conduct.  Appellant has not shown that a motion to suppress
would have been granted.  Appellant’s trial counsel did not believe that a
motion to suppress would have had merit.  Based on the evidence at trial, which
we have summarized above, we conclude that pursuing a motion to suppress would
have been futile.  Again, counsel is not required to engage in the filing of
futile motions.  Mooney, 817 S.W.2d at 698; Hollis, 219 S.W.3d at
456.  Appellant has not shown that his trial counsel rendered ineffective
assistance of counsel by not filing a motion to suppress.

            Finally,
appellant complains that his trial counsel failed to ask questions at trial
that appellant wanted him to ask.  Appellant did not present any evidence
showing what the questions were or why his trial counsel did not ask them.  Without
such evidence, appellant cannot overcome the presumption that his trial counsel
exercised sound trial strategy by not asking the questions.  Thompson, 9
S.W.3d at 813–14.

            Appellant
has not shown that his trial counsel rendered ineffective assistance of
counsel.  Nor has he shown that there is a reasonable probability that the
result of the proceeding would have been different but for trial counsel’s
alleged deficient performance.  The trial court did not abuse its discretion by
denying appellant’s motion for new trial.  Appellant’s issue is overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

            

 

August 9, 2012                                                                                   TERRY
McCALL

Do not publish. 
See Tex. R. App. P.
47.2(b).                                  JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.