**Opinion filed August 9, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00292-CR

_____

### ANTHONY BALDWIN A/K/A TONY BALDWIN, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 23186A**

### M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court convicted Anthony Baldwin a/k/a Tony Baldwin of possession of four grams or more but less than 200 grams of cocaine with intent to deliver. Appellant pleaded true to two enhancement allegations. The trial court found both enhancement allegations to be true and assessed appellant's punishment at thirty years confinement. We affirm.

*Issue on Appeal*

Appellant does not challenge the sufficiency of the evidence to support his conviction. In his sole appellate issue, appellant contends that the trial court erred by denying his motion for

new trial that was based on allegations that he received ineffective assistance of counsel at trial.

*Background Facts*

On July 5, 2007, at about 10:00 p.m., Abilene Patrol Sergeant David Vaughn was driving a marked patrol unit on East North 10 Street. At that time, Sergeant Vaughn saw a vehicle parked on the wrong side of the street in the 900 block of Carver Street in front of a location that was known for high drug traffic. Sergeant Vaughn turned his car south onto Carver Street. The driver of the parked vehicle then drove south on Carver at a high rate of speed. Sergeant Vaughn turned on the overhead lights on his patrol car in an attempt to stop the driver. The driver of the vehicle pulled into a driveway of a house in the 700 block of Carver. After the driver stopped the vehicle, he fled the scene on foot. Sergeant Vaughn testified that the driver was a black male and was wearing a blue shirt and a blue cap. Sergeant Vaughn got out of his patrol car and chased the man. The man ran behind a house toward an alley. As Sergeant Vaughn pursued the man, he saw the man put his hand into a pocket of his shorts and then saw several small items fall from the man's pocket to the ground. At that time, Sergeant Vaughn could not tell what the items were. Sergeant Vaughn was about ten to fifteen yards behind the man. The man ran behind a clump of trees, and Sergeant Vaughn briefly lost sight of him. Sergeant Vaughn heard what sounded like a chain-link fence rattling. When Sergeant Vaughn got to the alley, he saw the man he had been chasing lying on the ground by the fence. The man on the ground was wearing a blue shirt and a blue cap. Sergeant Vaughn testified that the man was appellant. When Sergeant Vaughn found appellant on the ground, appellant was out of breath. Sergeant Vaughn arrested appellant for evading arrest.

With the help of a police dog, police officers searched the area where the items had fallen from appellant's shorts pocket. During the search, the officers found nine small baggies that contained small rock-like substances. Sergeant Vaughn retrieved the baggies. Sergeant Vaughn testified that he had not seen anyone but appellant in the location where the baggies were found. He said that he found appellant on the ground within two to four seconds after he saw the items falling from appellant's pocket. Sergeant Vaughn testified that there was no doubt in his mind that the baggies the officers found came from appellant's pocket. Sergeant Vaughn transported appellant to jail. On the way to the jail, appellant told Sergeant Vaughn that he had obtained the baggies containing the rock-like substances the officers found from an individual on Carver Street and that the substances were to be delivered to a residence in the 900 block of Carver

2

Street. Testing of the substances in the baggies showed that the substances weighed 15.53 grams and contained cocaine.

The video camera in Sergeant Vaughn's patrol car started recording when he activated his overhead lights. Appellant was not in view of the camera when the items fell out of his pocket.

Appellant testified that he was "high" on the night in question. He said that he smoked four rocks of crack cocaine outside a house on Carver Street. He said that a lot of people were in front of the house. Appellant testified that he was at the side of the house when a police officer arrived at the scene. Appellant said that "everybody started running" when the police officer turned on his patrol lights. Appellant said that he ran but then hit the fence and stopped. He said that the officer then arrested him for evading arrest. Appellant testified that he had not possessed the drugs the officers found during the search and that he had not thrown them on the ground.

*Appellant's Motion for New Trial*

Appellant raised ineffective assistance of counsel claims in a motion for new trial. In his motion, appellant claimed that his trial counsel rendered ineffective assistance of counsel in five respects: (1) leading him to believe that he would be convicted only of a state jail felony; (2) assuring him that he would receive probation if convicted; (3) failing to obtain a hearing on a motion to suppress evidence; (4) failing to obtain hearings on motions for discovery; and (5) failing to adequately prepare for trial in that trial counsel only talked with him two times for about fifteen minutes each before trial.

The trial court held a hearing on appellant's motion for new trial. Appellant testified at the hearing. Appellant testified that his trial counsel told him that he had watched the police video and that the audio contained appellant's admission that he had smoked four rocks of crack cocaine. Appellant said that, based on this admission, his trial counsel told him that he would be convicted of a state jail felony offense, which would be enhanced by two prior convictions, and that, therefore, appellant was facing a sentence of two to twenty years. According to appellant, his trial counsel asked him if he would agree to serve a twenty-year sentence, and appellant responded that he would not agree. However, appellant said that his trial counsel told him that he would get probation. Appellant testified that, had he known that he would not get probation, he would have proceeded with a jury trial.

3

Appellant said that his trial counsel did not send him copies of any motions that had been filed. Appellant testified that he wanted a discovery motion to be filed because he wanted to see "[a]ll the evidence." He believed that the evidence would have been suppressed if his trial counsel had filed a motion to suppress and had a hearing on it. Appellant said that his trial counsel only met with him twice to prepare for trial and that his trial counsel was not prepared for trial. Appellant testified that, during trial, he gave notes to his trial counsel telling him things to say but that his trial counsel ignored the notes.

During cross-examination, appellant admitted that his trial counsel told him he was charged with a first-degree felony offense and that the State made a plea-bargain offer based on a first-degree felony offense. Appellant said that he understood he was facing a first-degree felony offense if he went to trial. Appellant testified that he told the trial court he wanted to waive a jury trial and that the trial court admonished him about such a waiver.

Appellant's trial counsel testified that he did not tell appellant that the charge was a state jail felony offense. Trial counsel said that appellant signed an instruction to proceed to trial. The instruction indicated, among other things, (1) that the State made a twenty-five year plea bargain offer to appellant; (2) that appellant rejected the offer and instructed his trial counsel to proceed to trial; (3) that trial counsel advised appellant that a jury would likely believe the testimony of the officers and that, if a jury believed the officers, appellant would likely be convicted; and (4) that appellant understood the range of punishment in this case was twenty-five to ninety-nine years.

Appellant's trial counsel testified that he met with appellant ten to fourteen times to prepare for trial. Trial counsel said that he and appellant reviewed the police video together. Trial counsel said that he admonished appellant about the punishment range. According to trial counsel, he told appellant that he was not eligible for probation and had no chance of receiving probation. The record shows that trial counsel filed numerous discovery motions and that the trial court entered a discovery order requiring the State to disclose numerous items to appellant, including any videotapes relating to the case, lab reports, a copy of appellant's prior criminal record, and many other items. The State provided trial counsel with a copy of the police video. Trial counsel testified that he and the prosecutor had discussions about the case and that the prosecutor told him what "the officers [were] going to say." Trial counsel testified that the

4

prosecutor "more than complied with the discovery order." Trial counsel believed that no further discovery was necessary.

Trial counsel testified that he thought a motion to suppress would have been a "foolish exercise." He said that, in his opinion, the police did not engage in any conduct that violated the law.

*Ineffective Assistance of Counsel*

To determine whether appellant's trial counsel rendered ineffective assistance, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In light of these limitations, it is well settled that claims of ineffective assistance of counsel should usually not be raised on direct appeal because the record is often undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Andrews*, 159 S.W.3d at 103; *Thompson*, 9 S.W.3d at 813–14.

Here, appellant raised his claim of ineffective assistance of counsel in a motion for new trial, and we review the trial court's denial of the motion for an abuse of discretion. *Salazar v.*

*State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). A trial court abuses its discretion by denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We review the evidence in the light most favorable to the trial court's ruling and presume that all reasonable findings that could have been made against the losing party were so made. *Id.* At a hearing on a motion for new trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Melton v. State*, 987 S.W.2d 72, 75 (Tex. App.—Dallas 1998, no pet.).

*Analysis*

On appeal, appellant contends that his trial counsel rendered ineffective assistance of counsel in six respects: (1) leading him to believe that he would only be convicted of a state jail felony; (2) failing to file a motion to suppress; (3) failing to file a motion for discovery; (4) leading him to believe that he would get probation; (5) only conferring with him twice before trial; and (6) failing to ask questions in trial that he requested trial counsel to ask. During the hearing on appellant's motion for new trial, appellant and his trial counsel gave conflicting testimony about whether trial counsel told appellant that he would only be convicted of a state jail felony and whether trial counsel told appellant he would get probation. Appellant and his trial counsel also gave conflicting testimony about the number of times they met to prepare for trial. As the sole judge of the credibility of the witnesses at the hearing, the trial court was free to believe trial counsel's testimony and to disbelieve appellant's testimony. *Melton*, 987 S.W.2d at 75.

Appellant's trial counsel filed discovery motions and the trial court entered a discovery order. Trial counsel testified that the prosecutor "more than complied with the discovery order." Trial counsel did not believe that further discovery was necessary. Appellant did not make any allegations or present any evidence as to what additional evidence might have been revealed through additional discovery. Counsel is not required to engage in the filing of futile motions. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.). Appellant has not shown that his trial counsel was ineffective for not filing an additional discovery motion.

To prevail on an ineffective-assistance claim based on counsel's failure to file a motion to suppress, an appellant must show that such a motion would have been granted. *Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998); *Carmen v. State*, 358 S.W.3d 285, 295 (Tex.

6

App.—Houston [1st Dist.] 2011, pet. ref'd); *Hollis*, 219 S.W.3d at 456. To meet this burden, an appellant must produce evidence that would defeat the presumption of proper police conduct. *Jackson*, 973 S.W.2d at 957; *Hollis*, 219 S.W.3d at 456. Therefore, an appellant must develop facts and details of the search sufficient to conclude that the search was invalid. *Jackson*, 973 S.W.2d at 957; *Hollis*, 219 S.W.3d at 456.

In this case, appellant has not alleged a ground for suppressing the evidence. He did not present any evidence to support the contention that the police engaged in improper police conduct. Appellant has not shown that a motion to suppress would have been granted. Appellant's trial counsel did not believe that a motion to suppress would have had merit. Based on the evidence at trial, which we have summarized above, we conclude that pursuing a motion to suppress would have been futile. Again, counsel is not required to engage in the filing of futile motions. *Mooney*, 817 S.W.2d at 698; *Hollis*, 219 S.W.3d at 456. Appellant has not shown that his trial counsel rendered ineffective assistance of counsel by not filing a motion to suppress.

Finally, appellant complains that his trial counsel failed to ask questions at trial that appellant wanted him to ask. Appellant did not present any evidence showing what the questions were or why his trial counsel did not ask them. Without such evidence, appellant cannot overcome the presumption that his trial counsel exercised sound trial strategy by not asking the questions. *Thompson*, 9 S.W.3d at 813–14.

Appellant has not shown that his trial counsel rendered ineffective assistance of counsel. Nor has he shown that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's alleged deficient performance. The trial court did not abuse its discretion by denying appellant's motion for new trial. Appellant's issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

August 9, 2012                                   TERRY McCALL

Do not publish. *See* TEX. R. APP. P. 47.2(b).            JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

7