**Affirmed and Majority and Dissenting Opinions filed September 19, 2019.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-17-00922-CR

**ANTHONY WAYNE SYKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1513135**

## D I S S E N T I N G   O P I N I O N

Appellant asserts on appeal that his trial counsel rendered ineffective assistance by (1) advising Appellant to plead "no contest" to the misdemeanor offense that formed the basis of the State's motion to adjudicate probation; (2) failing to review a video in advance that the State offered into evidence at the hearing on the motion to adjudicate; and (3) failing to properly advise Appellant regarding plea bargain offers. Because there is a reasonable probability that the results of Appellant's proceedings below would have been different but for the

errors committed by trial counsel, I would sustain Appellant's ineffective-assistance claim and reverse and remand this case to the trial court for further proceedings.

A defendant has a guaranteed Sixth Amendment right under the United States Constitution to effective assistance of counsel. U.S. Const. amend VI; *see also Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013). To establish ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that (1) his trial counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Ex parte Moore*, 395 S.W.3d at 157. A defendant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Ex parte Moore*, 395 S.W.3d at 157.

## I.  Trial Counsel's Representation Fell Below an Objective Standard of Reasonableness.

Under the first prong of the *Strickland* standard, a defendant must show that his trial counsel's performance was deficient under prevailing professional norms and according to the necessity of the case. *Strickland*, 466 U.S. at 687-88; *Ex parte Moore*, 395 S.W.3d at 157. The defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Allegations of ineffective assistance of counsel must be firmly rooted in the record. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *see also Lopez v. State*, 462 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Rather than limiting our review to a single portion of the representation, we

2

examine the totality of the circumstances to determine counsel's effectiveness. *Strickland*, 466 U.S. at 688-90; *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Examining Appellant's ineffective-assistance claim requires consideration of the professional norms applicable to different components of a criminal defendant's representation. A criminal defense attorney must have a firm command of the facts of the case as well as the governing law before he or she can render reasonably effective assistance to his client — both in and out of the courtroom. *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982). Counsel therefore has a duty to make reasonable investigations. *Strickland*, 466 U.S. at 691. "When assessing the reasonableness of an attorney's investigation, we consider the quantum of evidence known by the attorney to determine whether the known evidence would have led a reasonable attorney to investigate further." *Ex parte Martinez*, 195 S.W.3d 713, 721 (Tex. Crim. App. 2006). Here, trial counsel's representation of Appellant was deficient in two respects: failing to request or view the video in the underlying misdemeanor case and failing to advise his client regarding all plea bargain offers.

### a. Failure to request or view the video

Trial counsel's failure to timely request or view the video in the underlying case falls below an objective standard of reasonableness. The majority acknowledges *Melton v. State*, 987 S.W.2d 72 (Tex. App.—Dallas 1998, no. pet.), then proceeds to summarily discard its reasoning. In *Melton*, the Dallas Court of Appeals concluded trial counsel's representation fell below an objective standard of reasonableness because counsel failed in his duty to determine with certainty whether a video existed and whether Melton was depicted therein. *Id.* at 77. Here, during the motion for new trial hearing, trial counsel testified that he (similarly)

3

never requested a copy of the video he knew the State had in its possession and that the first time he watched it was during the hearing on the motion to adjudicate when it was presented in open court. The majority incorrectly infers that because trial counsel technically learned of the contents of the video before Appellant's sentencing on the motion to adjudicate, he could have formulated a reasonable trial strategy in his client's best interest in that short period of time. This conclusion is both irrational and ignores that the "challenged action" was the failure to request and watch the video in a timely manner.

### b. Failure to timely convey a plea bargain offer

Additionally, the majority assumes (with no basis in fact) that Appellant would have received a plea bargain offer of two years directly from the judge. This assumption evidences a fundamental misunderstanding of criminal trial court procedure in Texas. First, judges cannot offer a defendant a plea bargain; that is the sole province of the State via its prosecuting attorney.[1] Additionally, while the attorneys for the State and the defense can (and often do) approach the judge regarding proposed plea bargains, it is rarely done in the presence of the defendant until the trial court is preparing to accept a plea agreement and all plea paperwork has been completed.[2] There is no evidence in the record that trial counsel communicated any offer to his client, and certainly not that Appellant knew of an

---

[1] "Only the state may offer or withdraw a plea bargain. Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds unnegotiated terms to a plea-bargain agreement." *Moore v. State*, 285 S.W.3d 329, 332 (Tex. Crim. App. 2009); *see also Byrd v. State*, No. 14-15-00596-CR, 2016 WL 1660542, at *2 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op., not designated for publication).

[2] This is a truth proven via professional experience (and corroborated by other trusted judges and attorneys with significant experience practicing and adjudicating criminal law), *i.e.,* that the judge, the attorneys, *and* the defendant rarely discuss such matters *before* plea paperwork has been signed. Neither record citations nor legal authorities are necessary to prove this practical knowledge.

offer from the judge. Trial counsel testified at the motion for new trial hearing that Appellant had at one point been extended an offer for two years but his strategy was to get him on probation to avoid a felony conviction. He did not testify that he ever conveyed that offer to Appellant. Conversely, Appellant's testimony was uncontroverted: "Q: [Y]ou stated that you asked [your attorney] if you could avoid a hearing and sign for two years TDC. A: That's correct. Q: And did he ever give you a definitive answer to that? A: No. That he said there was an offer, but it wasn't exactly the two years."

The totality of the trial counsel's representation and testimony at the motion for new trial hearing supports the conclusion that his representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88.

**II.      There is a Reasonable Probability That, but for Trial Counsel's Deficient Performance, the Outcome of the Proceedings Would Have Been Different.**

Under the second prong of the *Strickland* standard, a defendant must show that he was prejudiced by his attorney's performance or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Appellants alleging ineffective assistance of counsel frequently assert attorney error was made during the course of the proceedings (*e.g.,* counsel failed to make a timely objection on the record or to preserve a ruling for the appellate court to review). In such cases, a defendant can show prejudice only by showing "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694).

In this case, it is clear that if trial counsel had performed the basic functions

5

of his duty to Appellant and simply requested and watched the video in question prior to the adjudication hearing, he would have been able to effectively advise his client on whether to take any of the plea bargain terms that were offered (but not conveyed) before the hearing — all of which were for less prison time than the judge eventually ordered (thereby evidencing harm). Because his attorney did none of those things, his representation clearly fell below an objective standard of reasonableness. There is a reasonable probability that Appellant would have taken a plea bargain for fewer than nine years in prison but for trial counsel's ineffective assistance.

Thus, because the results of Appellant's proceedings would have been different, I would sustain his ineffective-assistance claim and reverse for a new trial.


/s/     Meagan Hassan
        Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Zimmerer, J., majority).